# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SOUTHERN UTE INDIAN TRIBE,

    Plaintiff,

v.                                                  Civil No. 05-988 WJ/LAM

MICHAEL O. LEAVITT, Secretary of the
United States Department of Health and Human
Services, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO CONSOLIDATE

       THIS MATTER comes before the Court pursuant to Defendants' Motion to Consolidate (Doc. 55).  Having reviewed the submissions of the parties, I conclude the motion is not well taken at this time and shall accordingly be denied.

       Plaintiff Southern Ute filed its Complaint in this case on September 15, 2005 seeking the determination of a pure legal issue of statutory interpretation regarding the extent of Defendants' discretion to decline to enter into a contract under the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §§ 450 through 458bbb-2 ("ISDEA").  Southern Ute also sought damages and other relief depending on the determination of the legal question.

       On March 26, 2007, the Ramah Navajo School Board, Inc. ("Ramah") filed a Complaint against Defendants seeking determination of the same legal question raised in the instant case.  That case, docketed as Civil No. 07-289 MV/ACT, was assigned to Chief District Judge Martha

Vazquez. On June 6, 2007, Defendants filed a motion in Judge Vazquez's case to consolidate that case with this one. Defendants did not file the motion in this case.

On June 15, 2007, I filed a Memorandum Opinion and Order in this case addressing the legal issue raised in Southern Ute's Complaint and ruling in Southern Ute's favor on that issue. The ruling was based on the briefs filed by the parties in this case. All that remains to be determined between the parties is the full relief to which Southern Ute may be entitled, and this will involve the determination of facts specific to Southern Ute.

On July 24, 2007, Defendants filed in this case a Motion to Consolidate this case with Judge Vazquez's case. Southern Ute opposes consolidation because it will delay this case further. I note that Ramah filed a response in opposition to the motion to consolidate filed by Defendants in Judge Vazquez's case. Ramah seeks a separate ruling from Judge Vazquez on the legal issues raised in its Complaint.

Under Fed. R. Civ. P. 42(a), a court may consolidate cases involving a common question of law or fact. If there is such a common question, a court should "weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." Servants of Paraclete, Inc. v. Great American Ins. Co., 866 F.Supp. 1560, 1572 (D.N.M. 1994). The party moving for consolidation bears the burden of showing that consolidation is desirable. Id. It is within the discretion of the trial court whether or not to consolidate cases. Id.

This case and the case before Judge Vazquez obviously share common questions of law. However, it is notable that the common question has already been determined in this case, and Ramah had no input toward that determination. While the decision in this case is favorable to Ramah, it may desire to make different or additional arguments to support the determination in

hopes of having an opinion from Chief Judge Vazquez that is not only favorable but contains different or additional analysis.[1]  If these cases were consolidated, I would have to essentially reconsider my decision on the legal issue in order to afford Ramah the opportunity to present its argument and authority.  This would cause delay and prejudice to Southern Ute.

Additionally, the only issues left to determine in this case are issues of fact specific to Southern Ute that are not common to any issues in the case assigned to Judge Vazquez.  Thus, the consolidation of the cases would not streamline the determination of the remaining issues.  I conclude that any benefit from consolidation is outweighed by the delay it would cause to Southern Ute.  Accordingly, I will exercise my discretion and decline to consolidate these cases.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Consolidate (Doc. 55) is hereby DENIED.

UNITED STATES DISTRICT JUDGE

---

[1] Of course, Judge Vazquez may reach a different conclusion than the one I reached.